UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
EVAN ARDENTE,                      )
                                   )
        Plaintiff,                 )
                                   )
   v.                              )   C.A. No. 14-258 S
                                   )
BRUNSWICK CORPORATION d/b/a        )
SEA RAY,                           )
                                   )
        Defendant.                 )
                                   )
_____)

## OPINION AND ORDER

WILLIAM E. SMITH, Chief Judge.

Defendant Brunswick Corporation ("Defendant") moves to dismiss Plaintiff Evan Ardente's ("Plaintiff") Complaint for failure to state a claim upon which relief may be granted. (See Def.'s Mot. Dismiss ("Def.'s Mot."), ECF No. 10.) Defendant argues that admiralty law applies and precludes Plaintiff's claims. For the reasons that follow, the motion is DENIED.

I. Background[1]

In 1999, Plaintiff purchased a 1997 580 Super Sun Sport Sea Ray yacht ("yacht") from its original owner. In November of 2009,

---

[1] The following facts are gleaned from Plaintiff's Complaint. See Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012). For more background on this case, the reader is directed to Ardente v. Standard Fire Ins. Co., 744 F.3d 815 (1st Cir. 2014) and Ardente v. Standard Fire Ins. Co., 906 F. Supp. 2d 22 (D.R.I. 2012), decisions dealing with insurance coverage issues arising out of this dispute.

Plaintiff discovered that the yacht had sustained water damage in both its hull and deck. Plaintiff claims that this damage renders the yacht "unreasonably dangerous." (Pl.'s Compl. ¶ 17, ECF No. 1.)

Plaintiff, a Rhode Island domiciliary, has brought an action against Defendant, a Delaware corporation, invoking diversity jurisdiction. Plaintiff asserts multiple claims for negligence and strict liability under Rhode Island law, as well as a claim for violation of Rhode Island's Uniform Trade Practice and Consumer Protection Act, see R.I. Gen. Laws §§ 6-13.1-1 to 6-13.1-29. He alleges that the damage to the yacht's hull and deck was caused by defective composite manufacturing techniques – specifically, the use of balsa wood core material – that were used by Defendant during the construction of the yacht. According to Plaintiff, use of a solid composite laminate in place of the balsa core would have eliminated the defect. As a result, Plaintiff is unable to use the yacht in its intended manner, as a "high-speed offshore recreational vessel." (Pl.'s Compl. ¶ 12.)

In its motion, Defendant argues that it is clear from Plaintiff's Complaint that admiralty law applies to this action. Application of admiralty law precludes Plaintiff's claims, the argument goes, because Plaintiff seeks purely economic damages that are not recoverable in tort under admiralty law. Defendant asserts that the claims are more appropriately grounded in contract or

2

warranty, but that the statute of limitations applicable to such actions has expired.

II. Legal Standard

In ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff, taking all well-pled factual allegations as true and giving the plaintiff the benefit of all reasonable inferences. See Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55-56 (1st Cir. 2012).

III. Discussion

In its Motion to Dismiss, Defendant challenges neither Plaintiff's assertion that diversity jurisdiction exists nor the sufficiency of Plaintiff's allegations under Rhode Island law. Rather, Defendant's challenge to Plaintiff's Complaint is more nuanced: it argues that, notwithstanding Plaintiff's characterization of his claims as state-law based, it is evident from the Complaint that admiralty law applies to this action.

Admiralty law can be applied to a cause of action irrespective of whether a Plaintiff elects to ground jurisdiction on admiralty or some other basis. See Carey v. Bahama Cruise Lines, 864 F.2d 201, 206-07 (1st Cir. 1988). The availability of admiralty jurisdiction and applicability of admiralty law are governed by the same test. See Austin v. Unarco Indus., Inc., 705 F.2d 1, 6 n.1 (1st Cir. 1983).

This well-established test is comprised of a location ("situs") and connection ("nexus") requirement:

> A court applying the location test must determine whether the tort occurred on navigable water or whether injury suffered on land was caused by a vessel on navigable water. The connection test raises two issues. A court, first, must assess the general features of the type of incident involved[ ] to determine whether the incident has a potentially disruptive impact on maritime commerce. Second, a court must determine whether the general character of the activity giving rise to the incident shows a substantial relationship to traditional maritime activity.

Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co., 513 U.S. 527, 534 (1995) (citations omitted) (quoting Sisson v. Ruby, 497 U.S. 358, 363-65 (1990)) (internal quotation marks omitted); see also Florio v. Olson, 129 F.3d 678, 680 (1st Cir. 1997). If either requirement is lacking, admiralty law cannot be applied. See Florio, 129 F.3d at 680. This Court's analysis begins – and ends – with the situs requirement.

Defendant insists that it is clear from Plaintiff's Complaint that the water damage occurred on navigable waters. (See Def.'s Mot. 4-5.) In opposition, Plaintiff states that other sources of water – namely, pressurized hose water or rain water – caused the initial water damage while the yacht was docked on land. (See Pl.'s Opp'n 2, 7, 9, ECF No. 12.) He posits that it is irrelevant whether additional water penetrated the yacht while sailing because the focus is on where the injury originally occurred. (See id. 7-8 (citing Abdelnour v. Bassett Custom Boatworks, Inc., 614 F. Supp. 2d 123, 127

4

(D. Mass. 2009)).) Defendant claims that these allegations are impossible to prove and that it is much more likely that the damage occurred while the yacht was being used in its intended manner, as a high-speed ocean cruiser on navigable waters. (See Def.'s Reply 5, ECF No. 13.)

Defendant's argument that admiralty law applies must be rejected at this juncture because Plaintiff's Complaint is silent on where the original damage occurred. Although Plaintiff alleges that the yacht was intended and used as a "high-speed offshore recreational vessel" for "ocean cruising," it is not clear from Plaintiff's Complaint that the water damage originally occurred while the yacht was in fact "ocean cruising." (Pl.'s Compl. ¶¶ 12, 14-15.) Plaintiff repeatedly alleges that, "[a]s a result of the defect, water has penetrated into the Yacht's hull and deck and deteriorated the structural efficiency of the Yacht." (Id. ¶¶ 25, 33, 46; see also id. ¶ 8 (damage "result[ed] from water intrusion from various locations throughout the Yacht"); id. ¶ 10 (defect "allowed moisture to enter the hull and deck laminates").) The Complaint does not specify where the yacht was located when the water intrusion originally occurred.

Judge Gorton's decision in Abdelnour is instructive. In that case, the owner discovered cracks in the deck of his newly constructed vessel. Abdelnour, 614 F. Supp. 2d at 125. After launching the vessel, the owner noticed that the cracks had increased in both size and number. Id. The owner brought suit in

5

Massachusetts state court, but the defendant removed to federal court on admiralty jurisdiction grounds. Id. The plaintiff sought to remand the case to state court, alleging that admiralty jurisdiction was improper because the cracks occurred while the vessel was on land. Id. At the outset, the court emphasized that the key inquiry was where the injury originally occurred, explaining that "[t]he fact that the cracks may have become worse while the boat was on navigable water . . . is irrelevant . . . [;] the additional cracking does not constitute a separate actionable tort." Id. at 127. Unable to resolve where the injury originally occurred, the court resolved the dispute in the plaintiff's favor. Id.; cf. Isla Nena Air Servs., Inc. v. Cessna Aircraft Co., 380 F. Supp. 2d 74, 77-82 (D.P.R. 2005) (agreeing with defendant that admiralty law applied at the Rule 12(b)(6) dismissal stage because, inter alia, it was clear from plaintiff's complaint that the injury occurred on navigable waters).

Like the court in Abdelnour, this Court is also unable to decipher from the four corners of the Complaint whether the original water damage – or, indeed, any water damage – occurred on navigable waters. On the face of the Complaint, the "situs" is unknown. Construing the Complaint in the light most favorable to Plaintiff, this Court must resolve this dispute in Plaintiff's favor.

To be sure, it would not come as a shock to learn that the yacht sustained the water damage while on navigable waters, and it may be, as Defendant predicts, difficult for Plaintiff to prove otherwise.

However, the procedural posture of this case compels denial of Defendant's motion. As Defendant acknowledges, Plaintiff's explanation for the water damage is not ascertainable from the four corners of the Complaint (see Def.'s Reply 5), but neither is Defendant's. This Court need not accept Plaintiff's explanation in order to reject Defendant's. At the pleading stage, all that counts is the complaint, and all reasonable inferences must be drawn in favor of the plaintiff. Schatz, 669 F.3d at 55. Because the Complaint is silent on where the injury occurred, the Court would have to draw an inference in Defendant's favor in order to accept the argument that the injury occurred on navigable waters. It goes without saying that the Court is not permitted to do so at this stage.[2]

Although Defendant is unable to show at this juncture that admiralty law applies, Defendant may get another crack at this argument down the road. If discovery reveals that the original injury occurred on navigable waters, the Court will consider the

---

[2] Because this Court holds that it is not clear from Plaintiff's Complaint that the alleged injury to the yacht occurred on navigable waters, the Court does not address the nexus requirement of the Grubart test. Furthermore, it is unnecessary to address whether Plaintiff's claims would be precluded under admiralty law, or whether the statute of limitations has expired on any contract or warranty claims.

applicability of admiralty law and the consequences that flow from its application at a later stage in the proceeding.[3]

IV. Conclusion

Construing the Complaint in the light most favorable to Plaintiff, it is not clear whether the injury to the yacht occurred on navigable waters. As a result, at the pleading stage, admiralty law cannot be applied to this action. Accordingly, Defendant's Motion to Dismiss is hereby DENIED.

IT IS SO ORDERED.

/s/ William E. Smith

William E. Smith
Chief Judge
Date: November 5, 2014

---

[3] Alternatively, Defendant requests the Court to stay its Motion to Dismiss pending limited discovery. (See Def.'s Reply 7.) The request is denied; the Court will address discovery at the Rule 16 conference.